UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


BISK EDUCATION, INC., f/k/a
Totaltape, Inc., a Florida
corporation,

        Plaintiff,

v.                                  CASE NO.: 8:05-cv-1614-T-30MAP

BRADLEY E. ATCHINSON,
RONNIE SHANE BEST,
NICOLE F. KEYS,
NICOLE PACE, and
THE COLLEGE NETWORK,
INC., a foreign corporation,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

      Bisk is suing its former employees and the rival firm that employs them for breach of non-compete agreements, various business torts, and civil theft. Initially, Bisk brought the action in state court, but the Defendants timely removed it here alleging diversity jurisdiction. Now Bisk moves to remand the matter to state court (doc. 18). At issue is whether the individual Defendants waived their rights to removal in their non-compete agreements with Bisk and whether those waivers implicate the rule of unanimity of consent required of defendants in multiple defendant cases. Given the presumption against the exercise of federal jurisdiction, the principle that all uncertainties about removal jurisdiction are to be resolved in favor of remand, and the unambiguous language used in the forum-selection clauses, I find that individual Defendants waived their rights of removal. Because the Defendants cannot meet the unanimity

rule required for removal, I recommend the district judge grant Bisk's motion to remand.[1]

*A. Background*

Bisk, a Florida firm, and The College Network (TCN), an Indiana company, are rivals in the business of providing online, interactive continuing education. All the individual Defendants now work for TCN. Formerly, however, they worked for Bisk under service agreements which prohibited their working for a competitor for up to five years after termination or divulging trade secrets without Bisk's express consent. Each contract included a clause allowing Bisk to choose the forum to enforce the agreement:

> **APPLICABLE LAW**. This Agreement and all matters and issues collateral thereto, including any controversy between the parties, shall be governed by the laws of Florida. Employee/Contractor agrees to waive any and all venue privileges and agrees [Bisk] shall have the right to choice of forum to bring any action arising under this agreement. *See* doc. 17, app. 1.

Bisk filed a complaint in the Thirteenth Judicial Circuit in an for Hillsborough County on July 11, 2005, against its former employees and TCN for breach of contract, conspiracy, misappropriation of trade secrets, conspiracy, tortious interference, unfair competition, conversion, and civil theft. A few days later, Bisk successfully convinced a state judge to issue a temporary injunction against the Defendants. The Defendants timely removed the case to this Court asserting diversity jurisdiction (doc. 1). *See* 28 U.S.C. §§ 1441, 1446. Bisk now seeks remand contending the individual Defendants by their contracts waived their right to removal;

---

[1] The district judge referred the Plaintiff's motion to remand (doc. 18) to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* doc. 19. Prior to this order of referral, the district judge had also referred to me for a report and recommendation the motions at docs. 5, 6, 10, and 13. *See* order of referral at doc. 14. All the motions referenced in the first referral order either seek expedited discovery (docs. 6 and 13) or relief from the state court's temporary injunction (docs. 5 and 10). Because I recommend remand, I consider these motions moot and see no need to comment about these pending matters further.

therefore, the Defendants cannot meet the unanimity of consent rule required for removal. In turn, the Defendants argue the clause is too ambiguous to warrant remand (docs. 20 and 22). *See* 28 U.S.C. § 1447(c).

    *B.  Discussion*

Although a defendant has a statutory right to remove a lawsuit from state court to federal court in certain situations, "plaintiff is still the master of his own claim." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir 1994). This means that a defendant's right to remove and a plaintiff's right to choose the forum are not on equal footing. *Id.* Unlike the liberal pleading rules dealing with complaints, the removal statutes are narrowly construed. Any uncertainties about jurisdiction are resolved in favor of remand. *Id; see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941). This view promotes the principle that federal courts are courts of limited jurisdiction. *Burns,* 31 F.3d at 1095. Therefore, it follows that the removing party bears the burden of demonstrating federal jurisdiction. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 n. 4 (11th Cir. 1998).

Both sides acknowledge a defendant can contract away its right to removal; they differ on whether the forum-selection clauses in question are too vague to enforce (docs. 20 and 22). Accordingly, the starting point is to apply ordinary contract principles to discern the meaning of the forum-selection clauses. *Snapper, Inc. v. Redan,* 171 F. 3d 1249, 1262 (11th Cir. 1999) "A remand based on a forum selection clause depends on an adjudication of the meaning of the clause." *Id.* at 1253. And *Snapper* is instructive here.

Snapper sought to enforce security agreements against guarantors of distributor agreements. These guarantors had conceded that Snapper, in its discretion, could pursue relief

"in the courts of the State of Georgia or the United States District Court, Northern District of Georgia, Atlanta Division, all as Creditor may elect … [and the signing guarantor] hereby submits to each such jurisdiction expressly waiving whatever rights may correspond to it by reason of its present or future domicile." 171 F.3d at 1260. Sued in state court, the defendants removed the matter to federal court, and Snapper sought remand. Faced with the forum-selection clause, the guarantors argued it was too ambiguous contending it could reasonably be interpreted to mean a waiver of personal jurisdiction. Neither the district judge nor the Eleventh Circuit found the clause so ambiguous as to prohibit the district court from exercising its "inherent power to enforce a forum selection clause." 171 F.3d at p. 1263 n. 26. In short, both concluded the defendants had waived their rights to remove. Moreover, the Eleventh Circuit noted that when interpreting a forum-selection clause in a removal setting, a court should apply the high threshold needed to satisfy a clear and unequivocal waiver. To demand as much would require courts to interpret the removal statute against the general trend – against removal. 171 F.3d at 1260-61.

Despite their agreeing to give Bisk the right to choose the litigation forum, the individual Defendants argue the clause is too ambiguous and point to other Eleventh Circuit precedent finding forum-selection clauses wanting. *Global Satellite Communication Co. v. Starmill U.K. Limited,* 378 F.3d 1269 (11th Cir. 2004); *Stateline Power Corp. v. Kremer,* 2005 WL 1489193 (11th Cir. 2005).[2] Those clauses differ materially from here. In *Global Satellite*, the parties agreed in the event of litigation to submit to "the jurisdiction of Broward County, Florida." The

---

[2] Per 11th Cir. R. 36-2, unpublished opinions are not considered binding precedent but may be cited as persuasive authority.

*Stateline* contract identified "the courts of the State of Florida" as the place of enforcement. Unlike these agreements, Bisk's deal is unambiguous. Its forum-selection clause gave Bisk the right to choose the forum for bringing any lawsuit regarding the contract: "[Bisk] shall have the *right to choice of forum* to bring *any* action arising under this agreement." Like the guarantors in *Snapper,* the individual Defendants here waived their removal rights.

Although TCN adopts the individual Defendants' position, it obviously cannot make the same argument. It never entered into a contract with Bisk. But that distinction does not argue against remand. The Eleventh Circuit demands that all defendants consent to removal. *Russell Corp. v. American Home Assurance Co.,* 264 F.3d 1040, 1049 (11th Cir. 2001) ("the law is well settled that in cases involving multiple defendants, all the defendants must consent to the removal of a case to federal court") citing *Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 247-48 (1900). Thus, if one defendant contractually waives consent, that waiver implicates all the defendants. *Russell* clearly supports that notion.

The insured in *Russell* sought declaratory relief in state court about coverage issues concerning seventy-nine policies involving several insurers. One of the policies contained a service-of-suit clause whereby that insurer waived removal. The insurers removed the case to federal court, and the insured filed for remand. Despite overwhelming number of policies without the critical clause, the district judge remanded the matter. The Eleventh Circuit agreed by emphasizing the *Burns* and *Snapper* themes – a presumption against the exercise of federal jurisdiction with all uncertainties about removal jurisdiction to be resolved in favor of remand. And, while some might regard the result in *Russell* as "arbitrary and unfair," the court remarked, such is the "inevitable feature" of a court system that "strictly construes the right to remove."

264 F.3d at 1050.  *See also Moore's Federal Practice* § 107.18[4] (5th ed. 2005).

  *C.  Conclusion*

  The individual Defendants unambiguously waived their right to removal by their contracts with Bisk.  Because not all the Defendants could consent to removal, the Defendants failed to achieve unanimity of consent required for removal.  *Russell, supra.*  Therefore, it is

  RECOMMENDED:

  1. Bisk's Motion to Remand (doc. 18) be GRANTED.

  2. All other pending motions (docs. 5, 6, 10, and 13) are MOOT.

  IT IS SO REPORTED at Tampa, Florida on October 27, 2005.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

  Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc: The Honorable James S. Moody
   Counsel of Record